Isabel M. GONZALEZ, Independent Executrix of Estate of Juan A. Gonzalez, Deceased, Appellant,

v.

Arnulfo M. GONZALEZ et al., Appellees.

No. 15864.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 10, 1958.

McDonald, Spann & De Anda, and B. J. Spann, Corpus Christi, for appellant.

Noe C. Garza, Corpus Christi, for appellees.

RENFRO, Justice.

This is an appeal from a judgment of the District Court which ordered appellant, Isabel M. Gonzalez, independent executrix of the estate of Juan A. Gonzalez, to "abide by the order of the County Court to render said accounting, appraisement and complete inventory" theretofore ordered by the Probate Court.

Two devisees under the will of Juan A. Gonzalez filed an application in the Probate Court "for a partial distribution of profits and cash on hand, and an up to date accounting" and that the executrix be required to file a "verified exhibit and account of the condition of such estate as in case of final settlement of an estate."

The executrix moved for dismissal of the application for lack of jurisdiction in the Probate Court. The motion was overruled. The plea for distribution was "at this time" denied. However, the executrix was ordered to file a complete accounting. It was this order the District Court upheld. No evidence was offered in either court.

█ The will of Juan A. Gonzalez appointed Isabel M. Gonzalez independent executrix, without bond, and provided no action be taken in Probate Court other than file the will for probate and file an inventory and appraisement. The will provided for no distribution of the estate until after the death of the executrix, and then each devisee upon reaching the age of 21 could request his share. During the lifetime of executrix, she "acting under this will shall have full authority to rent, repair and improve all property in said estate, and to have possession of all money, rents, revenues and income from said estate, and authority to use all such funds for the support of all members of said family, and for the maintenance and improvement of all property in said estate, and shall have full authority to invest and reinvest the funds of said estate in such way as the executor or executrix shall deem best for said estate." The will contained no provision for distribution or partial distribution to the devisees during the lifetime of the executrix, and did not provide for reports or accounting to be made either to the Probate Court or the devisees.

Section 145 of the Texas Probate Code, V.A.T.S., provides that any person capable of making a will may provide in his will that no other action shall be had in the County Court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and list of claims of his estate. Section 149 provides for a bond if the executor is mismanaging the property, or has betrayed or is about to betray his trust. Section 148 provides a method for creditors to require heirs at law and other persons entitled to any portion of the estate to give bond as security for the debts of the estate. Section 150 provides a method of partition where the will does not provide a means of partition. In Sections 214, 215, 216, 217 and 222 provision is made for bond by the executor in case of mismanagement, waste and misapplication, etc., and for removal of the executor unless bond is executed.

Section 152 provides for closing an independent administration after the estate has been fully administered.

Other than the above, we find no statutory method whereby the Probate Court may acquire jurisdiction of an estate being administered by an independent executor.

The pleadings and motions recited no facts or circumstances to invoke jurisdiction of the Probate Court under the provisions of the above cited statutes. There was no intimation that the executrix was not carrying out faithfully the provisions of the will. At the most, the application was merely a "request" that the Probate Court order distribution and an up to date accounting without setting out any basis for such request.

"* * * it seems to be the settled law of this State that the probate court has no jurisdiction over an independent executor, nor of the estate he administers, so long as the executor is faithfully carrying out the provisions of the will." Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, 957.

██ Unlike an ordinary administrator whose appointment and duties are under the direct control and supervision of the Probate Court, no judicial act of the court is directly involved in the appointment of an independent executor, or, after his appointment, in the management of the affairs of the estate. Hutcherson v. Hutcherson, Tex.Civ.App., 135 S.W.2d 757, writ refused. The Probate Court has no jurisdiction of controversies between an independent executor and the devisees under the will. Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980. Rights of independent executors to administer estates are discussed

more fully in 14–A Tex.Jur., pp. 65, 296 and 309, and in Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, and Swearingen v. Williams, 28 Tex.Civ.App. 559, 67 S.W. 1061. Under the statutes and the authorities we believe the Probate Court, under the record before us, had no jurisdiction either to order a partial distribution or an "up to date accounting."

The appellate jurisdiction of the District Court over the Probate Court is dependent on jurisdiction of the latter. Thus, the District Court on appeal from probate orders can pass only on issues which can be passed on by the Probate Court. 14–A Tex.Jur., p. 80, sec. 46. Therefore, the Probate Court being without jurisdiction to order an accounting, under the record in this case, the District Court on appeal had none, its jurisdiction being limited to such as the Probate Court could properly have exercised, that is, order the application dismissed for want of jurisdiction.

The applicants counter that the order entered by the Probate Court and ordered enforced by the District Court was an unappealable interlocutory order. Ordinarily, an order to file an "up to date accounting" would not be appealable. In this case, however, the order was conclusive on the question of whether the executrix had the right to manage the estate under the terms of the will without interference of the Probate Court. If the executrix could not appeal, then she would be bound to submit to probate interference in such management.

In order to authorize an appeal in a probate matter, it is not necessary that the decision, order or decree, or judgment referred to therein be one which fully and finally disposes of the entire probate proceedings. It is appealable if such order, decree or judgment finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. Halbert v.

Alford, 82 Tex. 297, 17 S.W. 595, Kelley v. Barnhill, 144 Tex. 14, 188 S.W.2d 385.

The judgment of the District Court is reversed and judgment here rendered directing the dismissal of the application for distribution and accounting.