Louise M. TALIAFERRO and Randell Druce Bryant, Appellants,

v.

TEXAS COMMERCE BANK—Hurst and Texas Commerce Bank—Fort Worth, Appellees.

No. 2–83–103–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 27, 1983.

John M. Anderson, Fort Worth, for appellants.

Karen Hutchinson, Fort Worth, for appellees.

Before FENDER, C.J., and JORDAN and HUGHES, JJ.

## OPINION ON REHEARING

FENDER, Chief Justice.

Louise M. Taliaferro and Randell Druce Bryant have appealed the judgment of the trial court granting a Bill of Interpleader, allowing the interpleader banks to deposit the proceeds of certain multi-party accounts into the registry of the court, awarding attorneys' fees for the banks, and dismissing the banks from the lawsuit.

In our original decision, on our own motion we dismissed this case for want of jurisdiction, holding that the order appealed from was interlocutory and non-appealable. Having reconsidered the case, we now withdraw our original order and judgment dated August 11, 1983, and grant appellants' Motion for Rehearing.

For the following reasons, we hold that the trial court's order granting the Bill of Interpleader is not interlocutory, but is a final appealable judgment.

The authority to appeal from an order of the Probate Court is now granted exclusively by § 5(e) of the Texas Probate Code, Texas Revised Civil Statutes, which pro-

vides: "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of (civil) appeals."

▮ To be appealable, an order must be a final judgment; an interlocutory order is not appealable unless specifically made so by statute. *Henderson v. Shell Oil Company,* 143 Tex. 142, 182 S.W.2d 994, 995 (1944). A final judgment is one that determines the rights of the parties and disposes of all the issues involved so that no future action by the trial court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956). An interlocutory order leaves something further to be determined and adjudicated in disposing of the parties and their rights. *Kinney v. Tri-State Telephone Company,* 222 S.W. 227, 230 (Tex. 1920).

▮ In order to authorize an appeal in a probate matter, it is not necessary that the decision, order or decree, or judgment referred to therein be one which fully and finally disposes of the entire probate proceedings. It is appealable if such order, decree, or judgment finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. *Cherry v. Reed,* 512 S.W.2d 705, 706 (Tex.Civ.App.— Houston [1st Dist.] 1974, writ ref'd n.r.e.); *Gonzales v. Gonzales,* 309 S.W.2d 111, 114 (Tex.Civ.App.—Fort Worth, 1958, no writ). An order is appealable if it finally adjudicates some substantial right, whereas if it merely leads to a further hearing on the issue, it is interlocutory. *Meek v. Hart,* 611 S.W.2d 162, 163 (Tex.Civ.App.—El Paso, 1981, no writ).

▮ Our law recognizes that disinterested stakeholders should be afforded a method by which they are able to proceed when they are subjected to conflicting claims. An interpleader suit is authorized by Rule 43, Texas Rules of Civil Procedure, when a stakeholder "is or may be exposed to double or multiple liability." The claims must be such as to place the stakeholder in some real doubt or hazard to entitle him to the remedy of interpleader. *Davis v. East Texas Savings & Loan Association,* 163 Tex. 361, 354 S.W.2d 926, 930 (1962).

The issue of whether an interpleader action is appealable appears to be a case of first impression in Texas. Therefore, in reaching our decision in the instant case, we have reviewed decisions of other states to determine how this issue has been treated.

The granting of an interpleader has been held by the Supreme Court of Nebraska not to be interlocutory, but to be a final judgment. *Strasser v. Commercial National Bank,* 60 N.W.2d 672 (Supreme Court of Nebraska, 1953). The same ruling is found in *Newkirk Construction Corporation v. Gulf County,* 366 So.2d 813, 816 (Fla.Dist. Ct.App. [1st Dist.] 1979) wherein the court held that although the trial court's judgment granting interpleader was interlocutory as to the claimants, it was final as to the stakeholder and appealable as such by all the parties.

A similar holding can be found in *National Bank of New Jersey v. White,* 93 N.J.Eq. 109, 115 A. 533, 534 (Court of Chancery of New Jersey, 1921), explaining that:

"The so-called 'interlocutory decree' of June 5, 1920, is interlocutory in its nature only as between defendants. *As between complainant and defendants it is a final decree,* for it adjudicates complainant's right to bring the suit and to have the relief sought; it discharges complainant of all liability to defendants or either of them (and incidentally awards costs and a counsel fee to complainant out of the sum, which had been paid in to the clerk in chancery), and decrees the defendants to interplead and determine in this suit, in the further progress thereof, their conflicting claims to the sum in question." (Emphasis added).

*See, Miller v. Massachusetts Mut. Life Ins. Co.,* 183 Md. 19, 36 A.2d 517, 524 (Court of Appeals, 1944).

Missouri has applied identical reasoning in holding that an order granting interpleader is appealable, stating:

"The judgment appealed from in this case is a final judgment as between the

plaintiff [stakeholder] and all of the defendants concerning its right to require the defendants to contest between themselves their respective rights to the fund authorized to be deposited under the order of the court. It finally discharges the plaintiff from all further liability in the case, and the plaintiff has absolutely no interest in the contest to be thereafter waged between the parties to the suit. After the entry of that order all further considerations relate wholly to the claims which the defendants may assert to the fund in question in which the plaintiff has no interest whatever. For the reasons thus assigned, we conclude that the judgment appealed from is such a final judgment as that this appeal may be maintained." *Lafayette-South Side Bank and Trust v. Siefert,* 223 Mo.App. 431, 18 S.W.2d 572, 574 (1929).

The Second Circuit Court of Appeals, in *Republic of China v. American Express Co.,* 190 F.2d 334, 338 (2d Cir.1951), cites Professor Moore for the proposition that an Order granting interpleader is appealable:

"The precise question of the appealability of an order discharging an interpleading 'stakeholder' is new in this Circuit. The Third and Eighth Circuits have held such an order appealable. [citations omitted] Professor Moore, citing those cases, maintains that such an order is appealable. He says: 'Since such interpleader action "involves two successive litigations: one between the plaintiff and the defendants as to whether the defendants shall interplead; the other between the different defendants on the conflicting claims"—the order granting or denying interpleader should be considered a final order.' With this statement we agree."

The court goes on to hold, however, that because of a federal rule of procedure with which the trial judge did not comply, the case was not final and appealable.

We have also compared an interpleader appeal with several other types of Texas judgments which have disposed of less than all the litigation which was before the trial court.

An order of the probate court approving a claim against the estate has the effect of a final judgment establishing the claim and is appealable. *Reynolds Mortgage Co. v. Smith,* 280 S.W. 879, 881 (Tex. Civ.App.—Texarkana, 1926, no writ).

A probate court's order setting aside the appointment of an administratrix, and reinstating the appointment of the prior administratrix, was held to constitute a final and appealable decree inasmuch as it determined all of the issues of law and fact between the parties. *Stevens v. Douglass,* 505 S.W.2d 532 Tex.1974).

Notwithstanding the fact that no order had been entered finally terminating a receivership action, a trial court's order granting interim payment of fees to the receiver was held to be a final order and appealable since it disposed of the main controverted issue concerning which the present proceeding was brought, namely, the amount of fees to be awarded to the receiver. *Bergeron v. Session,* 554 S.W.2d 771 (Tex.Civ.App. —Dallas, 1977, no writ).

An order requiring an executrix to file an accounting in a probate case was held to be a final judgment when the executrix claimed the probate court had no jurisdiction because another court had already disposed of the estate. *Halbert v. Alford,* 82 Tex. 297, 17 S.W. 595 (1891). The Texas Supreme Court held that whether the probate court could rightfully exercise jurisdiction over the executrix was the controverted question between appellant and appellee and the trial court's order was conclusive on that issue, unless set aside by some revisory or appellate proceeding. *Halbert, supra* 17 S.W. at 596; *see: Gonzalez v. Gonzalez, supra,* citing *Halbert.*

In *Fischer v. Williams,* 160 Tex. 342, 331 S.W.2d 210 (1960), the Texas Supreme Court dealt with a will contest action wherein there was filed a motion to dismiss the will contest based upon the contestants' failure to show that they were "interested parties" within the meaning of the probate

court statute allowing will contests. The Court held:

"*If the motion to dismiss the contest on the ground that contestants had failed to show an interest in the estate had been sustained, the order would have finally disposed of the controverted question involved, and would have been appealable.* Since the order overruling the respondents' motion to dismiss failed to finally dispose of the controverted issue, it, therefore, amounts to no more than an interlocutory order, inconclusive in its nature, made in the progress of the trial, and, therefore, not appealable." *Fischer, supra* 331 S.W.2d at 213–214 (emphasis added).

The appellee banks assume the position that because they were disinterested stakeholders having no interest in the subject matter of the dispute, they were entitled to interplead the contested funds, be awarded attorneys' fees, and be discharged from further liability. While it is true that to interplead one must have no interest in the subject matter of the litigation, Rule 43, Texas Rules of Civil Procedure, imposes one additional requirement upon the stakeholder. He must first establish that he is or may be exposed to double or multiple liability. The sole issue between appellants and appellees is not who has title to the funds, but whether appellees have fulfilled their burden of establishing that they are subjected to multiple liability, and are thereby entitled to the relief sought.

We find the rationale of *Fischer* persuasive and, applying it to the instant case, we hold that once the trial court found that appellees were exposed to multiple liability and granted their bill of interpleader, the only real controverted issue that affected appellees had been adjudicated and finally disposed of, and as such is a final appealable judgment.

Lastly, appellees have filed a motion to dismiss this appeal, claiming that appellants failed to timely file the appellate record and their appeal bond. In view of our holding that the judgment appealed from is not interlocutory but is final, appellants have

complied with the appropriate time requirements. The Order granting interpleader was signed by the court on March 17, 1983, and since appellants filed a motion for new trial on April 15, 1983, they had 90 days from the signing of the March 17, 1983 Order to file their appeal bond, and 100 days from March 17, 1983 to file the transcript and statement of facts.

Appellants filed their appeal bond on June 14, 1983, the 89th day, and filed the transcript and statement of facts on June 24, 1983, the 99th day following the court's signing the Order appealed from. Accordingly, we deny appellee's Motion to Dismiss Appeal, and allow appellants to proceed with their appeal.