**K & S INTERESTS, INC., Appellant,**

v.

**TEXAS AMERICAN BANK/DALLAS, Appellee.**

No. 05-87-00222-CV.

Court of Appeals of Texas, Dallas.

Feb. 17, 1988.

On Motion for Rehearing
April 6, 1988.

Second Rehearing Denied
May 12, 1988.

James W. Karel, Jeffrey H. Hubbard, Houston, for appellant.

William B. Finkelstein, Jack F. Williams, Dallas, for appellee.

Before WHITHAM, McCLUNG and STEWART, JJ.

WHITHAM, Justice.

Appellant, K & S Interests, Inc., appeals from a January 27, 1987, order of dis-charge in favor of appellee-interpleader, Texas American Bank/Dallas. This court raised the issue of its jurisdiction. We conclude that we lack jurisdiction of this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

K & S Interests brought suit against the bank making claims for wrongful dishonor, breach of contract, conversion and violations of the Texas Deceptive Trade Practices—Consumer Protection Act in connection with the bank's return of a check in the amount of $10.45. The bank, after filing its plea in abatement and first amended answer, moved the trial court for leave to file its original counterclaim, third-party petition, and interpleader. The interpleader was based on the conflicting claims made by K & S Interests, James E. Craig, a third-party defendant, and M. Keitt Wood, a third-party defendant, to the funds in the account. K & S Interests filed no response to the bank's motion but did oppose the motion. Following hearing, the trial court entered an order which granted leave to the bank to file its third-party action and interpleader and further ordered the parties to discharge the bank after joinder of third-party defendants. Pursuant to this order, the bank tendered the funds into the registry of the court and joined third-party defendant Craig and third-party defendant Wood. Third-party defendant Craig filed his original answer disclaiming any interest in the funds previously tendered into the court's registry and, subject thereto, generally denying the third-party action. Counter-defendant K & S Interests filed its original answer denying the bank's capacity to sue and generally denying the claims of the bank. Third-party defendant Wood filed his original answer, counterclaim, cross-claim, and plea in abatement which asserted a claim to the funds interpled and which asserted claims against the other parties seeking the same relief requested in a lawsuit filed in the 190th Judicial District Court of Harris County, Texas, styled *Morris Keitt Wood v. K & S Interests, Inc., James E. Craig and Ona Craig*, Cause No. 85–65097. The trial court then entered an

order discharging the bank from the lawsuit and ordering that the parties (including K & S Interests) take nothing against the bank. The trial court also entered an order directing transfer, which transferred the cause from the 101st Judicial District Court of Dallas County, Texas, to the 190th Judicial District Court of Harris County, Texas. In this connection, we note that our record is silent as to any action taken in the transferred cause by the 190th Judicial District Court of Harris County, Texas.

■ Our law recognizes that disinterested stakeholders should be afforded a method by which they are able to proceed when they are subjected to conflicting claims. An interpleader suit is authorized by Rule 43, Texas Rules of Civil Procedure, when a stakeholder "is or may be exposed to double or multiple liability." *Taliaferro v. Texas Commerce Bank*, 660 S.W.2d 151, 153 (Tex.App.—Fort Worth 1983, no writ) (on rehearing). The claims must be such as to place the stakeholder in some real doubt or hazard to entitle him to the remedy of interpleader. *Davis v. East Texas Savings & Loan Association*, 163 Tex. 361, 365, 354 S.W.2d 926, 930 (1962). Rule 43 provides that a defendant-stakeholder exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. TEX.R.CIV.P. 43. In the present case, the bank considers that it occupies the position of a defendant-stakeholder. It has been held that a trial court's order granting the bill of interpleader is not interlocutory, but is a final appealable judgment. *Taliaferro*, 660 S.W.2d at 152. Thus, we reach the question of whether *Taliaferro* is dispositive of this appeal. We conclude that *Taliaferro* is not dispositive of this appeal. We reach this conclusion because we read K & S Interests' brief to complain of the take-nothing judgment against it as disposing of its claims against the bank and to contend that by reason of the transfer nothing remained in the Dallas trial court to be determined and adjudicated in disposing of the parties and their rights. Hence, K & S Interests argues

that the order of discharge is a final judgment permitting appeal to this court. Thus, K & S Interests in part insists that it has suffered a take-nothing judgment as to its claims against the bank for wrongful dishonor, breach of contract, conversion and violations of the Texas Deceptive Trade Practices—Consumer Protection Act in connection with the bank's return of a check in the amount of $10.45. We agree that K & S Interests has suffered such a take-nothing judgment in the order of discharge. Therefore, as between K & S Interests and the bank, more is at issue than in the case of a disinterested stakeholder seeking to avoid double or multiple liability. In the present case, the bank, by allegations made by K & S Interests, is a wrongdoer from whom relief is sought over and above access to the funds in the bank's hands. To the contrary, in *Taliaferro*, once the trial court found that the banks were exposed to multiple liability and granted their bill in interpleader, the only real controverted issue that affected the banks had been adjudicated and finally disposed of. *Taliaferro*, 660 S.W.2d at 155. Consequently, we treat *Taliaferro* as inapplicable to the facts of the present case. Therefore, we proceed to determine if the order of discharge is otherwise a final judgment.

■ We conclude that even a cursory review of the order of discharge reveals that further proceedings on issues remained. At the time of entry of the order of discharge, third-party defendant Wood had filed his answer, counterclaim and cross-claim. By this pleading, Wood made claims and raised issues against both K & S Interests and Craig. The order of discharge does not speak to or mention these claims. Nor is there any order of severance as to these claims. Therefore, we conclude that since the claims of Wood against the other parties were not disposed of or resolved by the order of discharge, it cannot be a final judgment from which an appeal might be allowed. Moreover, the order of discharge was not entered follow-

ing any trial on the merits of this cause. Since this order did not follow or arise from proceedings in a case regularly set for trial on the merits, no inference of disposition of the other claims may be made. *See Etter's Welding, Inc. v. Gainesville National Bank*, 687 S.W.2d 521, 522 (Tex.App.—Fort Worth 1985, no writ).

Furthermore, we conclude that the trial court did not view the order of discharge as a final judgment. On February 10, 1987, the trial court entered an order directing transfer of the cause to the 190th Judicial District Court in Harris County, Texas. The act of entry of the order to transfer clearly shows that the trial court believed that issues remained to be resolved between some of the parties. We conclude that the fact that certain issues may have been resolved among some of the parties by the order of discharge no more makes it a final judgment from which an appeal might be prosecuted than the entry of a summary judgment rendered for one of several defendants makes that summary judgment an appealable final judgment. *See Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985). Indeed, we conclude that in the present case, K & S Interests suffered something akin to an adverse partial summary judgment in the trial court's January 27, 1987, order of discharge. We quote the order:

> Came on to be heard the Motion to Discharge Texas American Bank/Dallas, Defendant and Third Party Plaintiff in the above matter and the Court, having reviewed the pleadings, having previously heard argument of counsel on this issue and having previously Ordered the parties to discharge Texas American Bank/Dallas following joinder of Third-Party Defendants,
> IT IS THEREFORE ORDERED that Texas American Bank/Dallas be discharged from the referenced cause of action, that *the parties take nothing by their action against Texas American Bank/Dallas* and that Texas American Bank/Dallas shall take nothing by its interpleader action.

(emphasis added). Consequently, we conclude that in the present cause, as between the bank and K & S Interests, it was necessary that a district court render a final judgment disposing of the bank's disinterested stakeholder claims as well as K & S Interests' claims against the bank for wrongful dishonor, breach of contract, conversion and violation of the Texas Deceptive Trade Practices—Consumer Protection Act. In this connection, we express no opinion as to the propriety of the trial court's disposition of K & S Interests' claims against the bank—procedurally or substantively. In addition, the order of transfer is devoid of any resolution of the claims asserted by third-party defendant Wood against K & S Interests or third-party defendant Craig. Not only is the appellate record silent on these questions, but any action taken by the 190th Judicial District Court of Harris County to render the order of discharge appealable would require an appeal to be prosecuted in another court of appeals. Hence, any attempt to appeal the order of discharge before action was taken by the 190th Judicial District Court to enter a final judgment would be an attempted appeal of an interlocutory order over which this court cannot maintain jurisdiction. For these reasons, we conclude that the order of discharge was not a final judgment over which this court may exercise its jurisdiction.

■ A court must notice, even sua sponte, the matter of its own jurisdiction, for jurisdiction is fundamental in nature and may not be ignored. *Marshall v. Brown*, 635 S.W.2d 578, 580 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). If the present case is an appeal over which we have no jurisdiction, then the appeal must be dismissed. *See Marshall*, 635 S.W.2d at 581. To be appealable, an order must be a final judgment; an interlocutory order is not appealable unless specifically made so by statute. *Henderson v. Shell Oil Co.*, 143 Tex. 142, 143–44, 182 S.W.2d 994, 995 (1944). A final judgment is one that determines the rights of the parties and disposes of all the issues involved so that no future

action by the trial court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch,* 156 Tex. 334, 338, 295 S.W.2d 890, 892 (1956). An interlocutory order leaves something further to be determined and adjudicated in disposing of the parties and their rights. *See Kinney v. Tri–State Telephone Co.,* 222 S.W. 227, 230 (Tex.Comm'n App.1920, judgmt adopted).

We conclude that the January 27, 1987, order was an interlocutory order and not a final judgment. We reach this conclusion because it did not dispose of all parties and issues in the pending suit and the trial court did not sever claims against the bank from the rest of the case. Thus, we reason that the interlocutory order did not become a final judgment. *See Webb v. Jorns,* 488 S.W.2d 407, 408–09 (Tex.1972). Furthermore, the January 27, 1987, order is not made appealable by statute. The order is not one that (1) appoints a receiver or trustee, (2) overrules a motion to vacate an order that appoints a receiver or trustee, (3) certifies or refuses to certify a class or (4) grants or refuses or grants or overrules a motion to dissolve a temporary injunction. Tex.Civ.Prac. & Rem.Code Ann., § 51.014 (Vernon 1986). For this reason also, we conclude that the January 27, 1987, order is non-appealable. We dismiss the appeal for want of jurisdiction.

### ON MOTION FOR REHEARING

K & S Interests filed its appeal bond February 20, 1987. The parties appeared before us and argued on January 26, 1988. Our opinion issued February 17, 1988. Simultaneous with the filing of its motion for rehearing on March 3, 1988, K & S Interests filed its motion to supplement the record on appeal to cure jurisdictional defect relating to finality of judgment. By its motion to supplement, K & S Interests seeks to now place into the record the following: (1) an order dated May 29, 1987, entered by the trial court in this cause; (2) an affidavit of a deputy clerk of the civil process section, Dallas County district clerk's office; and (3) a copy of a March 3, 1988, letter to the district clerk, Mr. Bill Long, Attn: Mr. Russell Goodell. The import of the requested supplementation of the record is to establish the contents of the trial court's May 29, 1987, order and to establish that no portion of the trial court's file was ever transferred to Harris County pursuant to the order directing transfer. The tendered trial court's order of May 29, 1987, reads as follows:

Pursuant to Dallas Civil Court Rule 1.23, all claims pending in the above entitled and numbered cause are Dismissed with Prejudice.

Costs are taxed against party incurring same. Let Execution Issue.

Hence, K & S Interests now argues that the result of the May 29, 1987, order is to make the January 27, 1987, order a final judgment so as to give this court jurisdiction.

In this regard, we note the proper and legitimate function of a motion for rehearing. The function of a motion for rehearing is to present to the court the errors of law which have been committed by the court, in the opinion of the movant, together with such argument, authorities, and statements from the record which may, in the opinion of such movant, support the motion. *Dewey v. American National Bank,* 382 S.W.2d 524, 528 (Tex.Civ.App.—Amarillo 1964) (on rehearing), *cert. denied,* 382 U.S. 821, 86 S.Ct. 49, 15 L.Ed. 67 (1965). We recognize that Texas Rules of Appellate Procedure 55(b) and (c) grant this court wide discretion to supplement the transcript or statement of facts so as to include omitted matter. *See Archer v. Storm Nursery, Inc.,* 512 S.W.2d 82, 85 (Tex.Civ.App.—San Antonio 1974, no writ) (on rehearing) (citing to repealed rules 428 and 429 of the Texas Rules of Civil Procedure). However, such discretion should not be exercised, *in the absence of some unusual circumstance,* so as to permit new material to be filed after the appellate court has written its opinion and rendered its judgment. Such action would be con-

trary to the spirit and purpose of Rules 54(a) (setting forth the appellate timetable) and 50(d) (placing the burden on appellant to see that a sufficient record is presented to show error requiring reversal) and would interfere with the orderly administration of justice. *See Archer*, 512 S.W.2d at 85 (emphasis added) (citing to repealed rules 386 and 413 of the Texas Rules of Civil Procedure).

■ K & S Interests seeks to establish some unusual circumstance by affidavit of its attorney, Jeffrey Hubbard, attached to its memorandum in support of motion to supplement record on appeal to cure jurisdictional defect relating to finality of judgment. Hubbard's affidavit is not a part of the record in this case, nor is it a part of the tendered supplement to the record. We quote the following excerpt from Hubbard's affidavit:

While, until preparation of the Appellant's brief in this cause, this lawsuit was actually conducted by Mr. James Karel, a young associate in the firm of Margraves & Schueler, still, all correspondence in connection with same was actually received by me. I first received a copy of the Order dated May 29, 1987 on February 23, 1988, after and in response to a request for same from the Office of the District Clerk of Dallas County, Texas made on February 19, 1988. I learned of the existence of the Order as a result of a conversation on February 19, 1988 with the Clerk's office in connection with the preparation of a response brief to Appellee's postsubmission brief in this cause.

A careful review of the firm's file of the case, of which I am the custodian, fails to reflect any prior notification to anyone at Margraves & Schueler from anyone as to the existence of the Order or contents thereof. Margraves & Schueler, in the course of its regularly conducted business activity of representing clients in litigation, maintains a file for each such client and it is the regular practice of the firm to maintain in said file all writings in connection therewith, including those

consisting of correspondence and orders received from a court or the clerk thereof. All such correspondence, including letters, pleadings, motions, requests for discovery, orders and judgments would be received by me personally and then placed in the file by a secretary, after which the file would be available to the associate attorney.

Thus, K & S Interests maintains that it had no notice of the trial court's May 29, 1987, order until after this court's opinion issued. For the purposes of this opinion, we assume, but do not decide, that the contents of the Hubbard affidavit are properly before us.

■ Nevertheless, we conclude that Hubbard's affidavit fails to establish the requisite unusual circumstance. We reach this conclusion because K & S Interests had notice as a matter of law of the May 29, 1987, order. A party to a suit is charged by law with notice of all orders and judgments rendered therein. *Swaim v. Texas Electric Service Co.*, 590 S.W.2d 788, 789 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.). The traditional rule has been that once a trial court properly gains jurisdiction over a party, that party is expected to keep himself informed of the proceedings and judgment rendered in the case. *Thomason v. Freberg*, 588 S.W.2d 821, 825 (Tex.Civ.App.—Corpus Christi 1979, no writ). Therefore, as a matter of law K & S Interests had notice of the May 29, 1987, order and was, therefore, obligated to call the order to our attention before our opinion issued. We deny K & S Interests' motion to supplement the record. We overrule K & S Interests' motion for rehearing.