# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00394-CV

**Larry Wimer, Appellant**

**v.**

**Bank of America, Appellee**

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 2001-PC-0296B, HONORABLE BRENDA CHAPMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Larry Wimer[1] appeals from the trial court's "Order Granting Bank of America's Motion to Consolidate and Original Interpleader Petition" rendered in his suit to recover certain funds from the Bank of America. In August 2002, Wimer filed an original petition in district court seeking the funds; that suit was dismissed in December 2002. Wimer refiled the suit in the County Court at Law of Comal County (sitting in probate). Melisse Anne Turner, the independent executrix of the estate of Alma Wimer, previously had filed suit in the same court against Wimer and Bank of America claiming the same funds. Bank of America filed a motion to consolidate the suits and a petition in interpleader, both of which were granted. Bank of America has now filed a motion

---

[1] The Estate joins the Bank in asking for interpleader and consolidation. At the hearing on these motions, Wimer stated that he did not object to the consolidation.

to dismiss this appeal, arguing that the order is interlocutory and the notice of appeal was late. Wimer responds that because this order was rendered in a probate proceeding, it is appealable.

As a general rule, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 38 S.W.3d 191, 195 (Tex. 2001); *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897-98 (Tex. 1966).[2] However, an appealable order in a probate proceeding need not always be one that fully and finally disposes of the entire probate proceeding. *See Crowson v. Wakeham*, 897 S.W.2d 779, 781-82 (Tex. 1995). The question becomes whether the order at issue "disposed of each issue raised in the pleadings for that proceeding, or whether the order conclusively disposed of that phase of the proceeding." *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). An interpleader action in which the involved banks were allowed to deposit the contested funds into the registry of the court, were awarded attorney's fees, and were dismissed from the suit, was held to be a final judgment. *See Taliaferro v. Texas Commerce Bank*, 660 S.W.2d 151, 155 (Tex. App.—Fort Worth 1983, no writ). The court, after reviewing cases from other jurisdictions, concluded that "once the trial court found that appellees [banks] were exposed to multiple liability and granted their bill of interpleader, the only real controverted issue that affected appellees had been adjudicated and finally disposed of, and as such is a final appealable judgment." *Id*. at 155.

*Taliaferro* was distinguished in *K & S Interests, Inc. v. Texas Am. Bank*, 749 S.W.2d 887 (Tex. App.—Dallas 1988). *K & S* involved an interpleader, but K&S had claims against the

---

[2] This appeal is not in the category of interlocutory orders made appealable by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2003).

bank over and above mere access to the funds that the bank held and interpleaded.  *Id*. at 889.

Further, there was also a third-party defendant who had answered and filed a counterclaim and cross-

claim.  *Id*.  In holding the judgment interlocutory, the court analogized the disposition of the

interpleader claim to a partial summary judgment against K & S.  *Id*. at 890.

In this case, the trial court's order allowed the bank to interplead the funds, awarded

attorney's fees, and dismissed the bank with prejudice.  In the court's findings of fact and

conclusions of law, one of its conclusions of law is that the bank did not breach its agreement with

Wimer or the Estate.  The only claim Wimer made against the bank was for breach of contract for

failing to pay the funds to him.  All of these factors weigh toward finality under *Taliferro*.  However,

we do not know whether the only claim made by the Estate against Bank of America was for breach

of contract or whether it made other claims against the bank because the record does not contain the

pleadings from the Estate's suit that was consolidated with Wimer's suit to create this proceeding.

Further, the order does not dispose of the claims to the funds between Wimer and the Estate in the

consolidated action.  The analogy to a partial interlocutory summary judgment as articulated in

*K & S* applies to this case; without severing the interpleader action from the consolidated cause, the

order at issue is interlocutory as it does not dispose of all claims and parties.  *See Lehmann*, 39

S.W.3d 191, 192-93 (judgment issued without conventional trial is final for purposes of appeal if

and only if it either actually disposes of all claims and parties then before the court, regardless of its

language, or states with unmistakable clarity that it is a final judgment as to all claims and all

parties).  In order for the probate "exception" to finality to apply, it would appear that Wimer and

the Estate's competing claims to the funds at issue must be settled; at that point, even if there were

3

matters involving the Estate other than the disposition of the fund, this discrete matter would appear to be settled. *See Crowson*, 897 S.W.2d 779. Accordingly, we hold the order interlocutory and dismiss the appeal for want of jurisdiction.[3] *See Lehmann*, 39 S.W.3d at 195; *Aldridge*, 400 S.W.2d at 895.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Dismissed

Filed:   October 2, 2003

---

[3] There is a further problem with jurisdiction. The notice of appeal was due May 22, 2003, but was not filed until May 30, 2003. Under *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997) if a party, acting in good faith, files a notice of appeal within the fifteen-day period permitting an appellant to move to extend the filing deadline, a motion for extension of time is implied. *See* Tex. R. App. P. 26.3. However, appellant must still furnish the necessary "reasonable explanation." *See Cotton v. Cotton*, 57 S.W.3d 506, 509 (Tex. App.—Waco 2001, no pet.); *see also Meshwert v. Meshwert*, 549 S.W.2d 383, 383-84 (Tex. 1977) (discussing what constitutes a reasonable explanation; any conduct that is not deliberate or intentional qualifies as inadvertence, mischance, mistake). To date, Wimer has not responded with a reasonable explanation to allow an extension under *Verburgt*. It appears we lack jurisdiction due to the late notice of appeal. See *Ashley v. Harris County Risk Management*, 104 S.W.3d 905, 906 (Tex. App.—Corpus Christi 2003, no pet.).