In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-517 CV


____________________



DANIEL D. CLAYTON, Appellant



V.



NANCY L. CLAYTON, JEFFREY R. SHELTON, AND 


MONY LIFE INSURANCE COMPANY OF AMERICA, Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-174,198






 MEMORANDUM OPINION 


 This is an appeal from orders entered in a suit for breach of contract, fraud, and breach
of fiduciary duty. The underlying dispute, filed in Cause No. B-174,198, involves an annuity
subject to division in a divorce decree entered in Cause No. C-172,102. Appellee MONY
Life Insurance Company of America ("MONY") filed a motion to dismiss the appeal on the
grounds that the three orders identified in the notice of appeal are interlocutory orders that
cannot be appealed at this time. The appellant, Daniel D. Clayton, ("Clayton") filed a
response. Appellees Nancy L. Clayton and Jeffrey R. Shelton neither join nor challenge the
motion to dismiss. Because the trial court has not entered a final judgment in the case, we
dismiss the appeal without reference to the merits.

 Clayton pled claims against MONY for breach of contract, fraud, and breach of
fiduciary duty. MONY filed an answer and a plea in interpleader in which it asked to deposit
the disputed funds into the registry of the court. On November 7, 2005, a judge assigned to
hear the motion denied a motion for recusal filed by Clayton. That same day, the trial court
granted the interpleader filed by MONY, ordered MONY to deposit disputed funds into the
registry of the court, and dismissed MONY from the action with prejudice. The trial court
also signed an order transferring the case from the 60th District Court to the 317th District
Court. (1) The notice of appeal filed on December 6, 2005, states that the appeal is being taken
"out of abundance of precaution." MONY contends we lack jurisdiction over this appeal
because the orders were entered in a case not yet made final by the signing of a judgment on
the claims and issues before the trial court. Clayton asserts that by dismissing MONY from
the suit with prejudice, then transferring the case to another court on the ground that the
sending court lacked jurisdiction, the judgment against MONY became final and therefore
appealable. 


 Clayton argues that a dismissal with prejudice functions as a final determination on
the merits. The case on which he relies, Attorney General v. Sailer, 871 S.W.2d 257, 258
(Tex. App.- Houston [14th Dist.] 1994, writ denied), involved an order that disposed of the
entire controversy, while the order in this case disposed of the claims against MONY but not
the claims against the other defendants. Here, the discharge order may have disposed of the
merits of Clayton's claims against MONY, but it did not dispose of Clayton's claims against
Nancy Clayton or Shelton. Clayton also relies upon Taliaferro v. Texas Commerce Bank,
660 S.W.2d 151, 152-53 (Tex. App.-Fort Worth 1983, no writ), a published appellate court
order entered on motion for rehearing following dismissal of an appeal for lack of
jurisdiction. Taliaferro held an order granting a bill of interpleader to be final and appealable
because the probate court's order adjudicated the only real controverted issue that affected
the stakeholder banks. (2) Id. at 155. The court noted an order that disposes of and is
conclusive of the issue or controverted question for which that particular part of the
proceeding was brought may be appealed without disposing of the entire probate
proceedings. Id. at 153. Taliferro is distinguishable because the order in this case did not
dispose of the entire case. 


 MONY contends we lack jurisdiction over an appeal from an order granting a plea in
interpleader that does not resolve all the issues pending in the case. It argues we should
follow the precedent established by K & S Interests, Inc. v. Texas American Bank/Dallas, 749
S.W.2d 887, 889 (Tex. App.-Dallas 1988, writ denied). The appellant in that case sued a
bank for wrongful dishonor, breach of contract, conversion, and deceptive trade practices in
connection with the bank's return of a check. Id. at 888. The bank filed an answer and an
original counterclaim, third-party petition, and interpleader based on the conflicting claims
made by the appellant and third-party defendants. Id. After the bank tendered the funds into
the registry of the court and joined the third-party defendants, the trial court discharged the
bank from the lawsuit, ordered that the parties take nothing against the bank, and transferred
the suit to another county. Id. at 888-89. The K & S court understood the dispute in
Taliaferro to be limited to the competing claims to the funds, while the complaints against
the bank in K & S sought relief over and above access to the funds in the bank's control. Id.
at 889. When the order of discharge was entered, a third-party defendant had filed a
counterclaim and cross-claim not addressed by the order of discharge. Id. The appellate
court noted there was more at issue between the appellant and the bank than a disinterested
stakeholder seeking to avoid multiple liability and that a third party also made claims against
the appellant. Id. Because the order of discharge did not follow a trial on the merits and the
third parties' claims remained unresolved, the court concluded that the order of discharge
was not a final judgment. Id. at 889-90. The transfer order indicated the trial court believed
unresolved issues remained. Id. at 890. The appellate court analogized the situation to a
partial summary judgment. Id. Without expressing an opinion as to the procedural or
substantive propriety of the trial court's disposition of the appellant's claims against the
bank, the court dismissed the appeal as interlocutory. Id. at 890-91. We find the Dallas
court's reasoning to be persuasive in this case, which is similar in its facts, and hold that
when an order of discharge in an interpleader does not dispose of all of the parties and issues
in the pending suit, the order is not a final judgment subject to immediate appeal.

 Clayton contends the trial court's order transferring the case from the 60th to the
317th District Court effected a severance of Clayton's claims against MONY, making the
discharge order final for purposes of appeal. The order on motion to transfer recites that the
entire case is transferred to the 317th District Court. The order of discharge is an
interlocutory order that is part of the case being transferred. Unless severed or reconsidered,
the interlocutory order will merge into the final judgment in the case. See H. B. Zachry Co.
v. Thibodeaux, 364 S.W.2d 192, 193 (Tex. 1963). The transfer of the case to another court
of the same jurisdiction does not operate as a dismissal when all parties are transferred
because the litigation continues in the transferee court.

 Clayton argues Bigham v. Dempster, 901 S.W.2d 424, 429 (Tex. 1995), and Azbill v.
Dallas County Child Protective Servs., 860 S.W.2d 133, 137 (Tex. App.-Dallas 1993, no
writ), support his position that the discharge order is a final judgment. Azbill followed a
conventional trial on the merits and Bigham, a mandamus proceeding concerning the power
of the transferring court to act in the case, did not address whether an appeal could be taken
from the transfer order. Bigham, 901 S.W.2d at 428-29; Azbill, 860 S.W.2d at 135.

 The orders in this case neither disposed of all pending claims nor concluded a discrete
phase of the litigation for which an appeal is authorized at this time. Without deciding
whether the trial court erred, we grant the motion to dismiss the appeal and dismiss the
appeal for lack of jurisdiction.

 APPEAL DISMISSED.

 

 ____________________________

 CHARLES KREGER

 Justice



Opinion Delivered February 9, 2006 

Before McKeithen, C.J., Kreger and Horton, JJ.
1. The 317th District Court entered the divorce decree in Cause No. C-172,102.
2. In its subsequent opinion on the merits, the appellate court held the banks'
pleading was in the nature of a crossclaim or counterclaim and reversed the trial court's
order. Taliaferro v. Texas Commerce Bank-Hurst, 669 S.W.2d 172, 174 (Tex. App.-Fort
Worth 1984, no writ).