

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# OPINION

No. 04-09-00088-CV

**LAW OFFICE OF HENRY GATES STEEN JR., P.C.**,
Appellant

v.

**EAGLE PASS INDEPENDENT SCHOOL DISTRICT**,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 08-09-23807-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:   July 15, 2009

DISMISSED FOR LACK OF JURISDICTION

Appellant Law Office of Henry Gates Steen Jr., P.C. ("Steen") seeks to appeal the trial

court's order granting Eagle Pass Independent School District's ("EPISD") interpleader petition.

After reviewing the clerk's record in this appeal, this court ordered Steen to show cause why this

appeal should not be dismissed for lack of jurisdiction, noting the order appeared to be an

unappealable interlocutory order.  After reviewing Steen's response and EPISD's reply, we retained

the appeal on our docket, but ordered the parties to address the issue of our jurisdiction in their briefs. Having further considered the jurisdictional issue, we hold the trial court's order granting the interpleader petition is an unappealable interlocutory order. Accordingly, we dismiss the appeal for lack of jurisdiction.

In its response to this court's show cause order and in the brief, Steen primarily relies on two cases to support the contention that the trial court's order is appealable. *See Reynolds v. Nagely*, 262 S.W.3d 521 (Tex. App.—Dallas 2008, pet. denied); *Taliaferro v. Texas Commerce Bank*, 660 S.W.2d 151 (Tex. App.—Fort Worth 1983, no writ). EPISD, on the other hand, relies on the Texas Supreme Court's discussion of finality of judgments in *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), and two opinions from the Houston appellate courts dismissing appeals of orders granting interpleader petitions for lack of jurisdiction. *See Lakota Resources, Inc. v. Pathex Petroleum, Inc.*, Nos. 01-07-00369-CV & 01-07-00537-CV, 2008 WL 3522253 (Tex. App.—Houston [1st Dist.] Aug. 14, 2008, no pet.) (mem. op.); *Lloyd v. Abraham, Watkins, Nichols, Sorrels, Matthews & Friend*, No. 14-07-00667-CV, 2008 WL 1991773 (Tex. App.—Houston [14th Dist.] May 8, 2008, no pet.) (mem. op.).

In *Lehmann*, the Texas Supreme Court revisited "the persistent problem of determining when a judgment rendered without a conventional trial on the merits is final for purposes of appeal." 39 S.W.3d at 192. The court held "that in cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id*. at 192-93.

One of the cases on which Steen relies, *Taliaferro*, was decided before the Texas Supreme Court's decision in *Lehmann*. *See* 660 S.W.2d at 151. Although the *Taliaferro* court generally addressed the issue of whether an order granting an interpleader petition is a final appealable judgment, *Taliaferro* involved an appeal from an order entered in a probate proceeding, 660 S.W.2d at 152-53, and the Texas Supreme Court has noted probate proceedings are an exception to the general rule permitting only one final and appealable judgment. *See Lehmann*, 39 S.W.3d at 192, 195. In addition, although the *Reynolds* court cited *Taliaferro* as support for its assertion that an order disposing of an interpleader action is a final judgment, the appeal in *Reynolds* was filed after the trial court signed a final judgment based on a jury's verdict, and the court was not addressing the jurisdictional issue presented in this case. *Reynolds*, 262 S.W.3d 523, 526-27; *see also K & S Interests, Inc. v. Texas Am. Bank/Dallas*, 749 S.W.2d 887, 889-891 (Tex. App.—Dallas 1988, writ denied) (dismissing appeal for lack of jurisdiction after distinguishing *Taliaferro* because claims were made seeking relief against interpleader). Finally, we recognize this court cited *Taliaferro* in asserting that "[t]he granting of interpleader is a final judgment in its own right as between the stakeholder and defendants." *Boise Cascade Corp. v. Valls Int'l, Inc.*, No. 04-98-00005-CV, 1999 WL 266705, at *2 (Tex. App.—San Antonio 1999, pet. denied) (not designated for publication). The statement in *Boise Cascade Corp.*, however, was dicta as the appeal was from a judgment signed after a bench trial, and dicta is not binding. *See id*. at *1 (discussing trial court's findings after trial to the bench); *see also Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 400 n.6 (Tex. 2000) (noting dicta is not binding).

The trial court's order in this case notes that it does not dispose of all claims and parties, expressly stating, "This case shall continue on the merits between LINEBARGER, GOGGAN,

BLAIR & SAMPSON, LLP and LAW OFFICE OF HENRY GATES STEEN, JR., P.C., to determine their respective rights to the funds [deposited by the interpleader]." The trial court's order was not signed after a conventional trial on the merits and is not final because it does not dispose of every pending claim and party and does not clearly and unequivocally state that it finally disposes of all claims and all parties. *Lehmann*, 39 S.W.3d at 205. Because the order being appealed is interlocutory and is not made appealable by statute, we lack jurisdiction over this appeal. *See Lakota Resources,* 2008 WL 3522253, at *2-3; *see also Lloyd*, 2008 WL 1991773, at *1; *Clayton v. Clayton*, No. 09-05-517-CV, 2006 WL 302232, at *2-3 (Tex. App.—Beaumont Feb. 6. 2006, no pet.) (mem. op.). Accordingly, the appeal is dismissed for lack of jurisdiction.

Steven C. Hilbig, Justice