**DISMISS; Opinion Filed June 27, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-13-00265-CV**

**JOHN T. JENKINS, Appellant**

**V.**

**COUNSELORS LINDSAY L. LAMBERT AND CHERYL R. WORLEY, ET AL.,**
**Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-04402**

**MEMORANDUM OPINION**

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

Before the Court are appellees Lindsay Lambert's and Cheryl Worley's motions to dismiss for want of jurisdiction. Both assert we should dismiss the appeal because it was untimely filed. We agree.

Our jurisdiction is fundamental and invoked only upon the timely filing of a notice of appeal from a final judgment or appealable interlocutory order. *See* TEX. RS. APP. P. 25.1(b), 26.1; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *K & S Interests, Inc. v. Tex. Am. Bank/Dallas*, 749 S.W.2d 887, 890 (Tex. App.—Dallas 1988, writ denied). Generally, a notice of appeal must be filed within thirty days of judgment. TEX. R. APP. P. 26.1. Under rule of appellate procedure 26.1(a), this deadline is extended to ninety days if any party timely files a (1) motion for new trial, (2) motion to modify the judgment, or (3) motion to reinstate under

Texas Rule of Civil Procedure 165a. *See* TEX. R. APP. P. 26.1(a). The deadline is also extended in cases tried before the bench if any party timely files a request for findings of fact and conclusions of law, and findings and conclusions either are required by the rules of civil procedure or could properly be considered by the appellate court. TEX. R. CIV. P. 296; TEX. R. APP. P. 26.1(a); *IKB Indus. Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997).

The record here reflects the trial court signed its judgment December 12, 2012, and the notice of appeal was filed February 6, 2013. No party filed any of the post-judgment motions listed in rule 26.1(a), but appellant John Jenkins timely filed a request for findings of fact and conclusions of law. As Lambert and Worley point out in their motions, however, findings and conclusions in an appeal from a summary judgment are not appropriate and a request for them does not extend appellate deadlines. *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam). As such, Jenkins's notice of appeal was due January 11, 2013 or, with a timely extension motion, January 28, 2013. *See* TEX. RS. APP. P. 4.1(a), 26.1, 26.3. Jenkins's February 6th notice failed to invoke our jurisdiction.[1] Accordingly, we grant Lambert's and Worley's motions and dismiss the appeal. *See id.* 42.3(a).

130265F.P05

/David Evans/
DAVID EVANS
JUSTICE

---

[1] In response to Worley's motion, Jenkins, who is appearing pro se, asserts he filed an extension motion with the trial court on January 9, 2013. The record reflects that motion was filed pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). That rule concerns motions in all civil actions and proceedings in the United States district court. *See* FED. R. CIV. P. 1, 6(b)(1)(B). Even if we were to construe that motion as an extension motion under our rule of appellate procedure 26.3, his appeal would still be untimely. *See* TEX. R. APP. P. 26.3.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN T. JENKINS, Appellant

No. 05-13-00265-CV        V.

COUNSELORS LINDSAY L. LAMBERT
AND CHERYL R. WORLEY, ET AL.,
Appellees

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-04402.
Opinion delivered by Justice Evans. Justices
Lang and Myers participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees Counselors Lindsay L. Lambert and Cheryl R. Worley, et al. recover their costs of this appeal from appellant John T. Jenkins.

Judgment entered this 27th day of June, 2013.

/David Evans/
DAVID EVANS
JUSTICE