COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THERESA RUEBBLING, INDIVIDUALLY AND AS HEIR OF VICTORIA RANGEL, DECEASED, | § § | No. 08-22-00068-CV |
| Appellant, | § | Appeal from the |
| v. | § | 421st District Court |
| FOREMOST COUNTY MUTUAL INSURANCE COMPANY, | § | of Caldwell County, Texas |
| Appellee. | § § | (Trial Court No. 21-0-421) |

## **O P I N I O N**

Appellee Foremost County Mutual Insurance Company requests the Court dismiss this appeal for lack of jurisdiction because there is not an appealable final judgment from the trial court. Finding the Court does not have jurisdiction, we dismiss this appeal.

## **BACKGROUND**

This case stems from a February 19, 2021 automobile accident that killed Victoria Rangel. Foremost insured the vehicle Rangel was a passenger in at the time of the crash. It agreed to pay Rangel's heirs, her parents Theresa Ruebbling and Jorge Rangel, the $100,000 policy limit for bodily injury liability. Foremost filed an interpleader petition under Texas Rule of Civil Procedure 43 alleging a dispute between Ruebbling and Jorge Rangel regarding the division of the insurance

proceeds had caused it "reasonable doubt about how to disburse the settlement proceeds." Ruebbling and Jorge Rangel were both named defendants.

Ruebbling answered claiming Foremost did not have standing to bring the interpleader action and the matter should be abated and transferred to a trial court in Travis County, Texas where a lawsuit arising from the 2021 automobile accident was already pending. She also asserted a counterclaim against Foremost for breach of contract for "neglecting or refusing to perform it[s] contractual obligation to pay Defendant Theresa Ruebbling $100,000…." Jorge Rangel answered there was no agreement on the division of the $100,000 and Ruebbling "has made a claim for the entire policy…" contrary to Jorge Rangel's interests.

Foremost filed a motion for summary judgment requesting the trial court to approve the interpleader action, order Foremost to deposit the $100,000 (less its attorney's fees and costs) with the trial court, and discharge Foremost from the action. After a hearing, the trial court denied Ruebbling's plea to the jurisdiction, plea in abatement, and motion to transfer venue. It also granted Foremost's motion for summary judgment approving the interpleader action and discharging Foremost from any further liability. The order granting summary judgment states it is an "interlocutory order [that] does not dispose of any claims to the settlement proceeds by Defendants, Jorge Rangel and Theresa Ruebbling, individually and as heirs of Victoria Rangel, deceased."

Ruebbling filed a notice of appeal with the trial court. Foremost filed this motion to dismiss before either party submitted briefs on the merits.

## DISCUSSION

Foremost argues in its motion to dismiss the Court lacks jurisdiction because none of the trial court's orders are final appealable orders. We agree.

2

Unless otherwise permitted by statute, appeals may only be had from final orders or judgments. *Jack B. Anglin Co., Inc v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). The Texas Supreme Court defines a judgment as final and appealable "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001), *overruled on other grounds by Indus. Specialists, LLC v. Blanchard Refin. Co., LLC*, No. 20-0174, 2022 WL 2082236, at *2 (Tex. June 10, 2022). Here, the trial court's orders denying Ruebbling's plea to the jurisdiction, plea in abatement, and motion to transfer venue allow the lawsuit to proceed, so they are not a final order. And the trial court's order granting Foremost's motion for summary judgment only disposed of one of the two stages necessary in an interpleader action. *Clayton v. Mony Life Ins. Co. of Am.*, 284 S.W.3d 398, 402 (Tex.App.–Beaumont 2009, no pet.) ("In practice, interpleader generally involves two stages."). Indeed, the order expressly held it was interlocutory and did "not dispose of any claims to the settlement proceeds" between Jorge Rangel and Ruebbling. Because the trial court's order granting summary judgment was not a final order, and because no statute permits an interlocutory appeal of orders approving interpleader, we lack jurisdiction over this appeal. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014; *Law Office of Henry Gates Steen, Jr., P.C. v. Eagle Pass Indep. Sch. Dist.*, 293 S.W.3d 792, 793 (Tex.App.–San Antonio 2009, no pet.)("Having further considered the jurisdictional issue, we hold the trial court's order granting the interpleader petition is an unappealable interlocutory order. Accordingly, we dismiss the appeal for lack of jurisdiction.").

Ruebbling argues the Court had jurisdiction over this appeal under Texas Government Code Annotated § 22.221, which gives the Court jurisdiction to issue a writ of mandamus against

a judge of a district court. TEX.GOV'T CODE ANN. § 22.221(b). But Ruebbling did not file a petition for a writ of mandamus with the clerk of the court of appeals as directed by Texas Rule of Appellate Procedure 52.1. She perfected her appeal by filing a notice of direct appeal with the clerk of the trial court. As a result, the Court does not have mandamus jurisdiction.

Ruebbling also argues the summary judgment order is a final appealable order because "there are no conflicting claims to the settlement proceeds in this lawsuit." A review of the parties' pleadings shows Ruebbling and Jorge Rangel disagree on how the insurance proceeds should be distributed. Regardless, based on its summary judgment order, the trial court believes there are unresolved claims between Ruebbling and Jorge Rangel. As a result, its order granting summary judgment is interlocutory and not appealable.

## CONCLUSION

For the foregoing reasons, we hold the order being appealed is interlocutory and no statute allows for an interlocutory appeal in this instance. Accordingly, we lack jurisdiction of this appeal, and Appellee's motion to dismiss appeal for want of jurisdiction is hereby granted. Therefore, the appeal is dismissed.


July 20, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

4