Opinion issued August 14, 2008

 












In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00369-CV






LAKOTA RESOURCES, INC., Appellant


V.


PATHEX PETROLEUM, INC. AND ONEOK ENERGY SERVICES
COMPANY, LP, Appellees


* * * * *






NO. 01-07-00537-CV






LAKOTA RESOURCES, INC., Appellant


V.

PATHEX PETROLEUM, INC. AND ONEOK ENERGY SERVICES
COMPANY, LP, Appellees






On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 2002-31310-A & 2002-31310-B






MEMORANDUM OPINION


 After a hearing in this post-judgment garnishment proceeding, the trial court
granted a petition in interpleader filed by appellee, Oneok Energy Services Company,
LP ("OESC"). In two issues on appeal, appellant, Lakota Resources, Inc. ("Lakota")
argues that (1) the trial court erred in deducting OESC's attorneys' fees and costs and
allowing the remaining funds to be interpleaded and (2) the trial court erred in
deciding the "B" case before a third party's answer was due.

 We dismiss for lack of jurisdiction.

Background


 In the underlying proceedings, appellee, Pathex Petroleum, Inc. ("Pathex")
received a judgment against Lakota on December 6, 2006. (1) Because Lakota had not
filed a supersedeas bond, Pathex filed a writ of garnishment (2) against OESC on
February 16, 2007. Pathex's writ of garnishment sought to collect funds held by
OESC that were payable to Lakota and alleged that the judgment's unpaid balance
included the principal sum of $366,728.00, $597,500.00 in attorney's fees, post-judgment interest, and all costs of court. 

 On March 5, 2007, the trial court signed a modified judgment in the underlying
proceeding. Thus, on March 20, 2007, Pathex filed a second writ of garnishment (3)
against OESC and ABQ Energy Services Group, LTD (4) which noted that the trial
court's judgment had been amended and that the garnishees owed funds to Lakota.
Specifically, Pathex alleged that "ONEOK owes proceeds to ABQ for natural gas
purchased by ONEOK from ABQ, which nominally holds such funds as Lakota's
agent for the true and beneficial owner of such funds, Lakota." On the same day,
Pathex also filed an "Unopposed Motion to Amend Post-Judgment Writ of
Garnishment." The Motion to Amend stated, "The Modified Judgment does not
change and has no impact on the recovery of Garnishor against Lakota," and it
requested "that portions of the Writ of Garnishment After Judgment referencing the
December 6, 2006 judgment be amended to reflect entry of the March 5, 2007
Modified Final Judgment." 

 On March 30, 2007, Lakota filed a motion to dissolve Pathex's first writ of
garnishment because the "Final Judgment referenced to in the writ has been vacated
and is of no further force and effect," and therefore, the writ is "improper and null on
its face." 

 On April 5, 2007, OESC filed its "First Amended Petition in Interpleader" and
"First Amended Answer to Writ of Garnishment." In its answer, OESC stated that
it was indebted to ABQ for $58,792.74 on February 16 and that it was indebted to
ABQ for $67,329.36 on March 21. OESC stated that, after it was served with the
February 16 and March 21 writs, ABQ informed it that a portion of the $58,792.74
and $67,329.36 sums was attributable to Lakota's interest. The answer further stated
that OESC and Pathex had entered into an agreement whereby OESC could pay ABQ
amounts attributable to non-Lakota interests, and, therefore, the amounts currently
owed by OESC to ABQ were $30,387.16 and $33,758.75. OESC contested whether
it was a proper party to the garnishment because "there is no bona fide dispute
between Lakota and ABQ over title to the funds." Pursuant to Rule 43 of the Texas
Rules of Civil Procedure, (5) OESC's petition in interpleader stated that it had
"reasonable grounds to anticipate rival claims to the same funds by Lakota and
ABQ." OESC sought to tender $64,145.91 into the trial court's registry, to recover
its attorney's fees, and to be discharged of all liability to Pathex, Lakota, and ABQ. 

 On April 5, 2007, Pathex responded to Lakota's motion to dissolve the writs. 
Pathex noted that the trial court's modified judgment added the following language
only:

 In addition, the jury awarded Pathex $13,362.00 found in answer
to question 6(2) and representing the salvage value associated with the
Hinrichs 13-12b well. Over Pathex's objection, the Court found that
this amount was included in the $366,728.00 and ordered Pathex to
make an election between the two. . . . Pathex elected the greater
number. 


Thus, Pathex argued that "[t]he 'Modified Judgment' in no way changes the award
of principal damages, attorney's fees or post-judgment interest to Pathex and against
Lakota, although it did reapportion the taxation of court costs."

 On April 9, 2007, Pathex responded to OESC's answer and interpleader, stating
that it did not oppose the interpleader but that it reserved certain rights.

 At the April 9, 2007 hearing, the trial court considered Lakota's motion to
dissolve Pathex's first writ of garnishment. Lakota argued that the "B" case was not
before the trial court at the time of the hearing. Lakota argued that the first
garnishment was void because the trial court had modified its judgment and that the
proceeding could not continue because ABQ had not been served and was not present
at the hearing. 

 Pathex argued that Lakota has a "limited power-of-attorney/agency agreement
with . . . ABQ, whereby ABQ markets Lakota's natural gas." OESC stated that its
contract is with ABQ. After the hearing, the trial court orally denied Lakota's motion
to dissolve Pathex's writ of garnishment. The trial court's written order granted
OESC's petition for interpleader, ordered OESC to tender $51,113.91 into the trial
court's registry--which reflected the net amount held by OESC of $64,145.91 less
$13,032 in attorney's fees--and ordered that any claims against OESC were
discharged and dismissed with prejudice.

 After the trial court rendered its order, Lakota filed its answer to OESC's
petition for interpleader on April 12, 2007. Lakota argued that OESC was not entitled
to interpleader because "it has failed to establish that it is or may be exposed to
double or multiple liability with respect to the funds held by it on behalf of [ABQ]."
Lakota further argued that OESC admitted in its answer that there was no bona fide
dispute between Lakota and ABQ over title to the funds, and therefore, interpleader
of the funds was not justified. (6) Lakota appeals from the trial court's April 9, 2007
order. 

Jurisdiction


 Generally, one may appeal only from final orders or judgments unless a
statutory provision authorizes an appeal from an interlocutory order. See Jack B.
Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). To be a final judgment for
purposes of appeal, the judgment must dispose of all parties and all issues. See
Martinez v. Humble Sand & Gravel, 875 S.W.2d 311, 312 (Tex. 1994). As a general
rule, a trial court retains plenary power over its interlocutory orders until a final
judgment is entered. Fruehauf v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993).
Additionally, a trial court has the inherent authority to change or modify any
interlocutory order until its plenary power expires. Mendez v. San Benito/Cameron
County Drainage Dist. No. 3, 45 S.W.3d 746, 754 (Tex. App.--Corpus Christi 2001,
pet. denied). 

 The trial court's order states that "this case shall continue on the merits
between Pathex, Lakota and ABQ to determine their respective rights to the funds." 
The trial court's statement indicates that the order is interlocutory, as it does not
finally dispose of all parties and claims to the interpleaded funds. See K & S
Interests, Inc. v. Texas Am. Bank/Dallas, 749 S.W.2d 887, 889-91 (Tex.
App.--Dallas 1988, writ denied) (holding order granting interpleader is interlocutory
and not final); see also Lloyd v. Abraham, Watkins, Nichols, Sorrels, Matthews &
Friend, No. 14-07-00667-CV, 2008 WL 1991773, at *1 (Tex. App.--Houston [14th
Dist.] May 8, 2008, no pet.) (mem. op.) (holding that an order granting an interpleader
is not an interlocutory order made appealable by statute). No statute expressly
permits an interlocutory appeal of orders granting interpleader.

 We note that additional garnishment proceedings have been asserted between
the same parties. Two judgments against Lakota were rendered in Lakota Resources,
Inc. v. Pathex Petroleum, Inc. and ABQ Energy Group, Ltd., cause numbers 2002-31310-E and 2002-31310-F (164th Dist. Ct., Harris, County Tex.). Lakota appealed
those judgments in appellate cause numbers 01-08-01990-CV and 01-08-00200-CV. 
On April 21, 2008, Lakota filed an "Unopposed Motion to Set Aside Judgments And
Remand" in this Court because Pathex, ABQ, and Lakota had reached a settlement. 
In relevant part, their settlement agreement states:

 The funds captured in Cause Nos. 2002-31310-A,-B . . . and currently
deposited in the registry of the Court pursuant to the Court's orders
dated April 9, 2007 and September 10, 2007, shall remain on deposit
with the registry until further order of the Court. Pathex and Lakota
agree not to take any steps to release or receive such amounts until
issuance of a mandate or other final resolution of the Parties' appeal of
the main case pending in the First court of Appeals, Case No. 01-07-00491-CV, and notwithstanding the result of Lakota's appeals of the
interpleader orders, except to the limited extent that the result of the
appeals of the interpleader orders impacts the attorneys' fees awarded
to OneOK Energy Services Company, L.P. therein.


The settlement agreement demonstrates that the only dispute as to the interpleaded
funds is who is responsible for paying OESC's attorney's fees. When the trial court
rendered its April 9, 2007 order, the trial court had not determined who would
ultimately pay OESC's attorney's fees. Rather, the order merely permits OESC to
tender $51,113.91 into the trial court's registry, which reflects the net amount held
by OESC of $64,145.91 less OESC's attorney's fees of $13,032.00. When the case
resumes, the trial court could award a portion of the funds to Pathex so that Lakota
does not ultimately pay OESC's attorney's fees. 

 We conclude that the order being appealed from is interlocutory and that no
statute allows for an interlocutory appeal in this instance. Accordingly, we lack
jurisdiction over these appeals. 

Conclusion


 We dismiss the appeals for lack of jurisdiction. All pending motions are
overruled as moot.


 

 Evelyn V. Keyes

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

1. The underlying judgment is pending appeal in Lakota Resources, Inc., David Wilstein
and Leonard Wilstein, Individually and as Trustee v. Pathex Petroleum, Inc. and
Dernick Resources, Inc., No. 2002-31310 (164th Dist. Ct., Harris, County, Tex.)
(appellate cause number 01-07-00491-CV).
2. Cause number 2002-31310-A.
3. Cause number 2002-31310-B.
4. Pathex alleged that ABQ Energy Group "acts as the marketing agent on behalf of
various working interest owners for the sale of such owners' natural gas, including
Lakota." Pathex further alleged that "ONEOK owes or holds funds payable to ABQ,
which acts as agent for, and holds nominal title to funds that are truly and beneficially
owned by, Lakota." 
5. See Tex. R. Civ. P. 43 (providing, "Persons having claims against the plaintiff may
be joined as defendants and required to interplead when their claims are such that the
plaintiff is or may be exposed to double or multiple liability").
6. On September 12, 2007, Pathex filed a non-suit of its claims against ABQ in the "B"
case.