ACCEPTED
04-15-00287-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/24/2015 6:39:50 PM
KEITH HOTTLE
CLERK

# NO. 04-15-00287-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/24/2015 6:39:50 PM
KEITH E. HOTTLE
Clerk

# IN THE FOURTH COURT OF APPEALS

_____

Cecil Adams and Maxine Adams
*Appellants*,
vs.

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/28/2015 11:03:00 AM
KEITH E. HOTTLE
Clerk

Harris County, Rebecca Ross, Kathleen Keese, Christopher Prine Clerk of the
Court and Chris Daniel District Clerk
*Appellees*
On Appeal from 269th Judicial Court
Houston, Texas
Cause No. 2014-35653
Transferred by Order of the Supreme Court from the First Court of Appeals
Houston, Texas
Cause No. 01-15-00384-CV

# Adams' Motion to Amend and Correct Judgment Pursuant to TEX. CIV. PRAC. & REM CODE 51.015

_____

Cecil Adams
Maxine Adams
5510 S. Rice #1206
Houston, Texas 77081
p.713.840.0330
Email: cecillovesmax@sbcglobal.net

NOW HERE COMES Maxine Adams and Cecil Adams (collectively the "Adams") to file this Motion to Amend and Correct Judgment pursuant to TEX. CIV. PRAC. & REM CODE ("CODE") 51.015 and would show as follows:

A judgment was enter in an interlocutory appeal filed pursuant to TEX. CIV. PRAC. & REM. CODE 51.014(a)(8) on December 9, 2015 in the above captioned case ("the Judgment"). The Judgment orders "Harris County and Christopher A. Prine, Clerk of the Court for the First Court of Appeals, recover their costs of this appeal from appellants Cecil Adams and Maxine Adams" see Appendix 1.

TEX. CIV. PRAC. & REM. CODE outlines costs for interlocutory appeals under Sec. 51.015. In the case of an appeal brought pursuant to Section 51.014(6), if the order appealed from is affirmed, the court of appeals shall order the appellant to pay all costs and reasonable attorney fees of the appeal; otherwise, each party shall be liable for and taxed its own costs of the appeal. The Adams did not file an interlocutory appeal under Section 51.014(6), thus all parties are statutorily responsible and should be taxed their own costs of the appeal.

Request for Relief

The Adams respectfully request this Honorable Court to amend and/or correct The Judgment to (1) comply with the statutory court cost outlined under TEX. CIV. PRAC. & REM. CODE 51.015, and (2) state that "each party shall be liable for and taxed its own costs of the appeal."

- 1 -

Dated: December 23, 2015


Respectfully submitted,                    Respectfully submitted,
/s/: Cecil Adams                           /s/: Maxine Adams
Cecil Adams                                Maxine Adams
5510 S. Rice #1206                         5510 S. Rice #1206
Houston, Texas 77081                       Houston, Texas 77081
713.840.0330                               713.840.0330
cecillovesmax@sbcglobal.net                cecillovesmax@sbcglobal.net
*Pro Se*                                   *Pro Se*

## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Appellate Procedure 9.2(c)(1), I certify that a copy of this Motion to Amend and Correct pursuant to TEX. CIV. PRAC. & REM CODE 51.015 was served on the following parties by e-service through a government approved electronic filing system via email on December 23, 2015.

## CERTIFICATE OF CONFERENCE

This paragraph is certification pursuant to TEX. R. APP. P. 10.1(a)(5) that the filing party conferred, or made a reasonable attempt to confer, with all other parties about the merits of the motion.


Vince Ryan, Esq.                    (opposed)
Harris County Attorney
vince.ryan@cao.hctx.net


Clinton Gambil Senior               (opposed)
Assistant County Attorney
clinton.gambill@cao.hctx.net


Brian A. Quintero                   (opposed)
Esq. Senior Assistant County Attorney
brian.quintero@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002

p. 713.274.5173 f. 713.437.8633
**ATTORNEYS FOR CHRIS DANIEL AHARRIS COUNTY**

Timothy J. Henderson                    (opposed)
6300 West Loop South, Suite 280
Bellaire, Texas 77401
timhenderson@msn.com
p. 713.667.7878   f. 713.668.5697
**COUNSEL FOR REBECCA ROSS**

Jayson Booth, Esq.                      (did not state opposition)
3730 Kirby Drive, Suite 777
Houston, Texas 77098
jbooth@boothricheylaw.com
713.333.0377 713.526.1175 (fax)
**COUNSEL FOR KATHLEEN KEESE**

Christian Cobe Vasquez                  (opposed)
Assistant Attorney General
P.O. Box 12548, Capitol Station Austin,
Texas 78711
christin.cobe@texasattorneygeneral.gov
p. (512) 463-2080 f. (512) 495-9139 (fax)
**COUNSEL FOR CHRISTOPHER PRINE**

/s/: Maxine Adams
Maxine Adams
*Pro Se*

/s/: Cecil Adams
Cecil Adams
*Pro Se*

APPENDIX 1

OPINION AND JUDGMENT



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00287-CV

Cecil **ADAMS** and Maxine Adams,
Appellants

v.

**HARRIS COUNTY** and Christopher A. Prine, Clerk of the First Court of Appeals
Appellees

From the 269th Judicial District Court, Harris County, Texas
Trial Court No. 2014-35653
Honorable Dan Hinde, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:      Karen Angelini, Justice
              Rebeca C. Martinez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  December 9, 2015

AFFIRMED IN PART AND DISMISSED FOR LACK OF JURISDICTION IN PART

Maxine and Cecil Adams filed this interlocutory appeal, complaining of the trial court's orders denying their motion to dismiss Harris County's interpleader action and granting Christopher A. Prine's plea to the jurisdiction. We affirm the trial court's order dismissing the Adamses' claims against Christopher A. Prine in his official capacity as Clerk of the First Court of Appeals. We dismiss the rest of the appeal for lack of jurisdiction.

BACKGROUND

This litigation arose as a result of a landlord-tenant dispute between the Adamses and Rebecca Ross. A lawsuit between them in the 269th Judicial District Court of Harris County, Texas, resulted in a judgment in favor of the Adamses. The Adamses recovered part of the judgment through a writ of garnishment, and Ross deposited the balance due on the judgment into the registry of the court. The Adamses appealed the judgment to the First Court of Appeals, and in August 2013, the court of appeals dismissed the appeal for want of prosecution. *Adams v. Ross*, No. 01-11-00552-CV, 2013 WL 4003757 (Tex. App.—Houston [1st Dist.] Aug. 2, 2013, pet. denied) (per curiam, mem. op.). The judgment assessed all of the costs of the appeal against Maxine Adams and ordered the Clerk of the Court to issue a statement of costs with the mandate. The court of appeals' mandate issued April 4, 2014. The same day, Christopher A. Prine, Clerk of the First Court of Appeals, prepared and issued a bill of costs in Appeal No. 01-11-00552-CV. The bill of costs indicated that a number of items, including fees for preparing parts of the appellate record, remained unpaid or that the status of payment was unknown.

In June 2014, Harris County filed a petition in interpleader in the district court, alleging that the Harris County District Clerk is custodian of the funds Rebecca Ross previously deposited into the registry of the court. The petition alleged competing claims to the funds had been made by the Adamses, Ross, the Harris County District Clerk, the court reporter, and Prine, as Clerk of the First Court of Appeals. Prine disclaimed any interest in the interpleaded funds, and Harris County nonsuited him from the interpleader action. The Adamses subsequently filed a motion to dismiss the interpleader action, which the trial court denied by an order signed March 13, 2015.

The Adamses also filed counter and cross claims against several parties, including an action under 42 U.S.C. § 1983 against Prine. The Adamses' live pleading alleges that in the bill of costs, Prine "systematically over billed for each appellate record filed in the Court of Appeals, and

charged fees for appellate records that the Harris County [sic] documented as no amount due" and that Prine and the Harris County District Clerk "falsified court records individually or collectively to deprive Adams of property without due process." The Adamses assert that "Christopher Pine [sic] acting in his individual capacity as the Clerk of the 1st Court of Appeals in performing ministerial billing responsibilities" proximately caused them to be deprived of property without due process of law, in violation of their rights under the Fourteenth Amendment. The Adamses sought damages "from Christopher Prine individually for falsified billing entries resulting in costs not associated with [the] appeal and punitive damages."

Prine filed a plea to the jurisdiction based on the pleadings, asserting he has sovereign and quasi-judicial immunity from the Adamses' suit and from liability for the damages claimed. The trial court granted Prine's plea and signed an order dismissing the Adamses' claims against Prine with prejudice. This appeal followed.

### DENIAL OF MOTION TO DISMISS INTERPLEADER ACTION

The Adamses moved to dismiss Harris County's interpleader suit on the ground that the County had failed to allege or present evidence on one or more of the elements of an interpleader action. The trial court denied the motion. This court does not have jurisdiction to consider immediate appeals of interlocutory orders unless a statute explicitly provides such jurisdiction. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).[1] The Adamses' notice of appeal asserts that an interlocutory appeal of this order is authorized by Texas Rule of Appellate Procedure 29.6. Rule 29.6 provides that while an appeal from an interlocutory order is pending, the appellate court may review:

(1) a further appealable interlocutory order concerning the same subject matter; and

---

[1] We must inquire into our jurisdiction to consider an appeal even if the parties have not challenged appellate jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).

(2) any interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal.

TEX. R. APP. P. 29.6. An order denying a motion to dismiss an interpleader petition is not immediately appealable. *See Law Office of Henry Gates Steen Jr., P.C. v. Eagle Pass Indep. Sch. Dist.*, 293 S.W.3d 792, 794 (Tex. App.—San Antonio 2009, no. pet.) (holding order allowing interpleader action to go forward is an unappealable interlocutory order). Because the order is not appealable, Rule 29.6(1) does not apply. In order for Rule 29.6(2) to apply, the Adamses must establish that the trial court's order interferes with or impairs the effectiveness of any relief that may be granted in this appeal. The Adamses' brief does not contain any argument or authority directed to this order — either on the merits of the order or in support of our exercising jurisdiction over the order. We conclude we lack jurisdiction to review the order. Therefore we dismiss for lack of jurisdiction the Adamses' appeal of the trial court's order denying their motion to dismiss Harris County's interpleader action.

## PLEA TO THE JURISDICTION

Prine's plea to the jurisdiction asserted grounds for dismissing both official capacity and individual capacity claims against him. The trial court's order sustained the plea in its entirety and dismissed all of the Adamses' claims against Prine with prejudice.[2] This court generally has jurisdiction to hear appeals only from final judgments. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). The trial court's order dismissing the Adamses' claims with prejudice is not final because other claims and parties remain pending in the trial court. We have jurisdiction to review the trial court's interlocutory orders only if expressly authorized by statute. *Koseoglu*, 233 S.W.3d at 840.

---

[2] The parties dispute whether the Adamses' pleading asserted both individual and official capacity claims against Prine. For purposes of this appeal, we construe the Adamses' pleading broadly and assume that official capacity claims as well as individual capacity claims were pleaded.

The Adamses contend that section 51.014(a)(8) of the Texas Civil Practice and Remedies Code authorizes us to exercise jurisdiction over the trial court's interlocutory dismissal order. That section provides:

> A person may appeal from an interlocutory order of a district court . . . that . . . grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2015).[3] "We strictly construe Section 51.014(a) as 'a narrow exception to the general rule that only final judgments are appealable.'" *Koseoglu*, 233 S.W.3d at 841 (quoting *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001)).

**Official Capacity Claims**

Under Texas law, a suit against a government employee in his official capacity is usually a suit against his government employer. *Franka v. Velasquez*, 332 S.W.3d 367, 382-83 (Tex. 2011). A state official sued in his official capacity may invoke the sovereign immunity from suit held by the governmental unit itself because the suit is not one against the official personally; the real party in interest is the governmental unit. *Koseoglu*, 233 S.W.3d at 844 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). A state official sued in his official capacity therefore may challenge the trial court's jurisdiction on the grounds of sovereign immunity by filing a plea to the jurisdiction, and the trial court's ruling on the plea is within the scope of section 51.014(a)(8). *Id.* at 843.

---

[3] The definition of "governmental unit" in section 101.001 of the Texas Civil Practice and Remedies Code includes:

> *this state and all the several agencies of government that collectively constitute the government of this state, including* other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and *courts*;

TEX. CIV. PRAC. & REM. CODE ANN. 101.001(3)(A) (West Supp. 2015) (emphasis added).

Prine is an officer or employee of the First Court of Appeals, which is an agency of the State of Texas and a "governmental unit" within the meaning of section 101.001(3)(A) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(A). A suit against Prine in his official capacity as the Clerk of the First Court of Appeals is effectively against the governmental unit, and Prine may assert the governmental unit's immunities from suit in a plea to the jurisdiction. *See Koseoglu*, 233 S.W.3d at 843. The court's order granting the plea filed by Prine in his official capacity is appealable under section 51.014(a)(8). *See id.*

Prine's plea to the jurisdiction argued that a section 1983 suit against Prine in his official capacity is barred by sovereign immunity and by the Eleventh Amendment. We agree. The Eleventh Amendment to the United States Constitution bars a suit against the State in state court unless the State waives its immunity or Congress abrogates it. *Alden v. Maine*, 527 U.S. 706, 754 (1999); *Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 195 (Tex. 2010). In enacting 42 U.S.C. § 1983, Congress did not abrogate the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 337–45 (1979); *see also Hafer v. Melo*, 502 U.S. 21, 25, 27 (1991) (holding suits against state officials in their official capacity are suits against the State, and section 1983 does not authorize suits against them). We therefore hold the trial court did not err in sustaining the plea to the jurisdiction filed by Prine in his official capacity and affirm the order dismissing the Adamses' claims against Prine in his official capacity.

**Individual Capacity Claims**

The Adamses also challenge the trial court's order dismissing their section 1983 claims against Prine in his individual capacity for actions he took under the authority of his office. Prine's plea to the jurisdiction asserted the defense of quasi-judicial immunity to the individual-capacity section 1983 claims.

A section 1983 claim against a governmental official or employee in his individual capacity for actions taken under the authority of his office seeks to impose personal monetary liability on the officer or employee. *See Hafer*, 502 U.S. at 25. It is not a claim against a governmental unit, and a person sued only in his individual capacity may not assert the governmental unit's sovereign immunity. *City of Leon Valley v. Wm. Rancher Estates Joint Venture*, No. 04-14-00542-CV, 2015 WL 2405475, at *2 (Tex. App. May 20, 2015, no pet.); *see Harrison v. Tex. Dep't of Criminal Justice–Institutional Div.*, 915 S.W.2d 882, 887-89 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (sovereign immunity does not bar a section 1983 suit against individual state officials in their individual capacities, even if they were acting in their official capacities when they took the actions complained of). A governmental official or employee sued in his individual capacity may assert quasi-judicial immunity as an affirmative defense; however, it is a personal defense, not one asserted by a governmental unit or by a state employee sued in his official capacity. *See Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000).

The plea to the jurisdiction filed by Prine in his individual capacity was based on his claim of quasi-judicial immunity, a personal defense that is not based on the governmental unit's immunity. Therefore, the trial court's ruling on the plea was not one that "grant[ed] or denie[d] a plea to the jurisdiction by a governmental unit," and the Adamses' interlocutory appeal is not authorized by section 51.014(a)(8). *See Sanders v. City of Grapevine*, 218 S.W.3d 772, 776 (Tex. App.—Fort Worth 2007, pet. denied) (holding trial court's order granting plea to jurisdiction and dismissing with prejudice claims against city officials in their individual capacities was not an appealable interlocutory order under section 51.014(a)(8)). We therefore dismiss this part of the appeal for lack of jurisdiction.

## CONCLUSION

The trial court's order dismissing with prejudice Maxine and Cecil Adamses' claims against Christopher A. Prine in his official capacity as the Clerk of the First Court of Appeals is affirmed. The Adamses' appeal of the trial court's orders (1) denying their motion to dismiss Harris County's interpleader petition and (2) granting the plea to the jurisdiction filed by Christopher Prine in his individual capacity and dismissing the individual capacity claims against him are dismissed for lack of jurisdiction.

Luz Elena D. Chapa, Justice



# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-15-00287-CV

Cecil **ADAMS** and Maxine Adams,
Appellants

v.

**HARRIS COUNTY** and Christopher A. Prine, Clerk of the First Court of Appeals
Appellees

From the 269th Judicial District Court, Harris County, Texas
Trial Court No. 2014-35653
Honorable Dan Hinde, Judge Presiding

BEFORE JUSTICE ANGELINI, JUSTICE MARTINEZ, AND JUSTICE CHAPA

In accordance with this court's opinion of this date, the trial court's order dismissing with prejudice Maxine and Cecil Adamses' claims against Christopher A. Prine in his official capacity as the Clerk of the First Court of Appeals is AFFIRMED. The appeals of the trial court's orders denying Maxine and Cecil Adamses' motion to dismiss Harris County's interpleader petition and granting the plea to the jurisdiction filed by Christopher Prine in his individual capacity are DISMISSED FOR LACK OF JURISDICTION.

We ORDER that Harris County and Christopher A. Prine, Clerk of the First Court of Appeals, recover their costs of this appeal from appellants Cecil Adams and Maxine Adams.

SIGNED December 9, 2015.

_Luz Elena D. Chapa_
Luz Elena D. Chapa, Justice